NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


J.J.P.,                                              )
                                                     )
                    Appellant,                       )
                                                     )
v.                                                   )     Case No. 2D15-4869
                                                     )
STATE OF FLORIDA,                                    )
                                                     )
                    Appellee.                        )
_____ )

Opinion filed June 9, 2017.

Appeal from the Circuit Court for Charlotte
County; Paul Alessandroni, Acting Circuit
Judge.

Howard L. Dimmig, II, Public Defender,
and Carol J.Y. Wilson, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa, for
Appellee.


CASANUEVA, Judge.

J.J.P. appeals an order withholding adjudication of delinquency after he was found to have committed the offense of robbery. We do not find merit in his argument pertaining to the admissibility of his confession and affirm the order as to the robbery offense. However, the trial court sentenced J.J.P. to probation and, as J.J.P.

argues and the State correctly concedes, it improperly required J.J.P. to pay transcription costs as a condition of his probation.

The trial court ordered him to pay the cost pursuant to section 27.52(6), Florida Statutes (2015), which does not authorize the imposition of this cost. Section 27.52(6) addresses the duties of a nonindigent parent or legal guardian, but it does not authorize a cost assessment against the juvenile:

> When the public defender . . . is appointed to represent a minor . . . in any proceeding in circuit court or in a criminal proceeding in any other court, the parents or the legal guardian shall be liable for payment of the fees, charges, and costs of the representation even if the person is a minor being tried as an adult. Liability for the fees, charges, and costs of the representation shall be imposed in the form of a lien against the property of the nonindigent parents . . . .

We therefore reverse that part of the order requiring J.J.P. to pay transcription costs as a part of his probation and remand for the trial court to strike this part of the order. On remand, the trial court is also directed to modify that portion of the probation order prohibiting J.J.P. from having contact with "co-defendants involved in robbery" and is directed to specify the names of the individuals with whom J.J.P. is prohibited from being involved.

Affirmed in part; reversed and remanded.

WALLACE and KHOUZAM, JJ., Concur.